**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLEN ALEXANDER PARKS,

    Plaintiff - Appellee,

v.

KYLA R. WATTS; DERRICK L.
CAROTHERS,

    Defendants - Appellants,

and

WILLIAM GEBUR; TERRY
SCHOFIELD; DARRIN DAVIS; ED
WELCH,

    Defendants.

No. 15-6178
(D.C. No. 5:14-CV-00359-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

This is an interlocutory appeal by Kyla R. Watts and Derrick L. Carothers from

the district court's order denying their motion to dismiss on qualified immunity grounds,

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plaintiff Allen Alexander Parks' claims against them under 42 U.S.C. § 1983 for false arrest and excessive force. We affirm.

### *Background*

This suit concerns the alleged violation of Mr. Parks' constitutional rights by Officers Watts and Carothers, who are law enforcement officers employed by the University of Oklahoma Health Sciences Center Police Department. Concerning the false arrest claim, the officers are alleged to have "unlawfully detained Mr. Parks via an illegal and unlawful traffic stop (officers had no probable cause for traffic stop); which resulted in an illegal search and seizure . . . ; which resulted in the unlawful and false arrest of Mr. Parks . . . for the alleged crime of Driving Under The Influence (felony) and Driving Under Suspension." Aplt. App. at 16. Mr. Parks further alleged that the court in the underlying criminal case found "no probable cause for [the] traffic stop/illegal search and seizure." *Id*.

As to the excessive force claim, Mr. Parks alleged he suffered physical injuries (chronic joint and muscle cramping in his right hand similar to carpel tunnel syndrome, with less ability to use this hand) when "subsequent to this false arrest, [the] officers . . . committed an unlawful excessive force . . . during the booking process," *id*., when they "purpose[ly] slam[ed] and squeez[ed] [a] bench-connected handcuff several inches into [my] right wrist," and failed to respond to "multiple . . . requests . . . to open the circumference of the handcuff," *id*. at 18.

### District Court Proceedings

In its denial of qualified immunity, the magistrate judge found that Mr. Parks' complaint adequately pled a false arrest, particularly in light of his well-pled allegation that the state court found that the officers did not have probable cause to stop Mr. Parks in the first instance, and that it also pled a cognizable claim of excessive force. After considering the parties' objections, the district court adopted the magistrate judge's report and recommendation in its entirety.[1]

### Jurisdiction and Standard of Review

This court has jurisdiction to review the "district court's denial of a claim of qualified immunity[] to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Our review is de novo. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). In conducting this review, we accept "all well-pleaded factual allegations in the complaint . . . as true and view[] [them] in the light most favorable to the nonmoving party." *Id.* (internal quotation marks omitted).

"We employ a two-part test to analyze a qualified immunity defense." *Id.* at 1164. We "must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* (internal quotation marks omitted). As to whether a right is clearly established, we apply an "objective test," and ask "whether it would be

---

[1] The district court order also adopted the magistrate judge's recommendation to grant defendants William Gebur, Terry Schofield, Darrin Davis, and Ed Welch's motion to dismiss, and to dismiss Mr. Parks' "false affidavit" claims against Officers Watts and Carothers.

clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. (internal quotation marks omitted).

### *Analysis*

### *False Arrest*

Officers Watts and Carothers argue that they are entitled to qualified immunity on the false arrest claim because they reasonably believed that they had probable cause for the traffic stop. *See Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007) (en banc) (holding that qualified immunity shields "law enforcement officials who reasonably but mistakenly conclude that probable cause is present"). They argue that their belief was reasonable because (1) Mr. Parks admits that the officers observed him commit a traffic violation; (2) a supervisor at the scene approved the arrest and another supervisor made no attempt to intervene; and (3) the magistrate judge gave undue weight to the state court's finding that there was no probable cause. They further argue that the magistrate judge failed to analyze whether the law was clearly established. *See* Aplt. Opening Br. at 6. These arguments do not withstand scrutiny.

First, Mr. Parks' complaint does not allege that the officers observed him commit a traffic violation. We have carefully examined the officers' reference to the record where the alleged "admission" was made and do not find it or anything that could be construed as conceding the point. Second, the officers have failed to cite any relevant authority that, as a matter of law, their alleged unconstitutional conduct can be excused by supervisor approval.

4

Next, the officers appear to contend that Mr. Parks was required to submit a complete record of the state criminal proceedings to establish that the officers did not have a reasonable belief as to probable cause. *See id.* at 11 (citing *Gouskos v. Griffith*, 122 F. App'x 965 (10th Cir. 2005)). This is a misreading of *Gouskos*, where an officer who was attempting to establish a defense of issue preclusion *on summary judgment* failed to submit the entire record of the criminal case. The failure to do so was held to be "fatal to an issue-preclusion defense." 122 F. App'x at 974 (brackets and internal quotation marks omitted). On a motion to dismiss, however, the court must accept the well-pleaded allegations of the complaint as true and view them in the light most favorable to Mr. Parks. *See Brown,* 662 F.3d at 1162.

Last, there is no merit to the argument that the magistrate judge failed to consider whether the law was clearly established. The court, citing *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012), acknowledged that the approach to determine whether Mr. Parks' rights were clearly established is to ask whether the officers arguably had probable cause. *See* Aplt. App. at 109. But the magistrate judge concluded that the issue could not be resolved on a motion to dismiss because "determination of [the officers'] arguable probable cause involves matters that extend beyond the well-pleaded factual allegations in [Mr. Parks'] complaint." *Id.* at 110. This does not mean that the applicable law was not considered—it means that the issue could not be resolved in favor of the officers in light of the well-pled allegations in the complaint.

*Excessive Force*

In their motion to dismiss, the officers argued that because Mr. Parks' complaint "fails to allege any circumstances surrounding the excessive force allegation, this Court has no reliable means of evaluating his claim." Aplt. App. at 36. The magistrate judge outlined the allegations and concluded it pled a claim because "'unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight,'" *id*. at 112, (quoting *Cortez*, 478 F.3d at 1129).

On appeal, the officers have shifted their argument away from sufficiency of the allegations in the complaint, to imposing a requirement on the magistrate judge to weigh and discuss the factors in *Graham v. Connor*, 490 U.S. 386, 395 (1989), to determine whether their conduct was objectively reasonable. *See* Aplt. Opening Br. at 12. The *Graham* factors are "the severity of the crime at issue, whether the suspect poses an immediate threat . . ., and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. But there was nothing for the magistrate judge to analyze because the officers simply recited the factors without explaining why the alleged force they used was reasonable considering the nature of the crime, any threat posed by Mr. Parks, or concern that he would escape.

The judgment of the district court is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge